*Per Curiam.* The notice, though defective, was sufficient to put the defendants upon inquiry, and they ought to have made their application at the next term.

The defendants are now too late, and must take nothing by their motion.

### *Marston* v. *Lawrence and Dayton.*

DECLARATION indorsee *v.* indorsor. Plea in abatement, a former suit by plaintiff *v.* defendants, to which they had put in a plea in abatement that *Francis Childs* was a partner and not named, which suit was pending at the commencement of the present suit, and is so still; replication *nul tiel record,* and issue.

*Harison* for the plaintiff stated the facts: that on the 13th of *December,* 1799, a discontinuance was entered in the first cause after receiving the plea in abatement therein; that the present suit was com- menced before *October* term, and the declaration was filed *December* 28th; that the plea in abatement was received *December* 31st; that a *nil capiat per breve* in the former was filed *January* 13th, 1800: repli- cation now at issue was filed *January* 16th.

●

The principal question he stated to be, whether the discontinuance of a former suit must be entered *before* new suit commenced, or may be entered any time before replication of *nul tiel record* filed ? He contended that the discontinuance being matter of right, may be entered at any time before replication. To this point he cited 1 *Cromp.* 188. *Barnes,* 257. 1 *Leon.* 105. . *Impey's B. R.* 169. 1 *Sellon,* 304.

*Burr* for the defendants insisted that a plaintiff cannot *after plea* discontinue without leave.

*Harison* declared the proposition erroneous, for no leave is necessary in any case where there is no room for the court to impose terms or conditions on the defendant. And such is the case here.

*April* term, 1800. LEWIS and KENT, J. considered the *nil capiat per breve* when entered, to have had *relation* back to 13th of *December,* when the discontinuance was entered, and therefore was done before plea pleaded, and so within the cases in 1 *Ld. Raymond,* 274. and 2 *id.* 1014. The other judges thought this not material, if the same was entered before replication, relying upon the case cited from *Barnes.* All agreed that discontinuance might be entered any time before plea pleaded in the second suit, and without leave or costs. *Barnes,* 257. *Sellon,* 304. *Impey's B. R.* 169. 1 *Leon.* 105. That defendant ought to verify his whole plea, *vide Com. Dig. tit. Abatement,* *I.* 11. That a plea in abatement triable *by record,* requires only a judgment of *respondeas ouster,* which

is the case if tried by certificate or inspection, *vide* *Com. Dig. ante, I.* 14.

> *Per tot Cur.* Judgment of *respondeas ouster.*

## *Phelps* ads. *Ferris.*

MOTION to set aside judgment entered on bail-bond, because the plaintiff had omitted to enter an exception to the bail, and it was now contended that he had by such negligence precluded himself from suing on the bail-bond.

> Motion granted.

## APRIL TERM, 1800.

## *Britt and another* v. *Van Orden.*

IN this case a letter was sent by *A. B.* the defendant's attorney, in the month of *November* last, informing the plaintiff's attorney, that special bail was then filed; the plaintiff relying upon this information, and not intending to object to the sufficiency of the bail, proceeded to enter his judgment in *January* term last; but had discovered since, that bail was not entered till the 29th of *January*; it further appeared that the defendant's attorney had acknowledged in his letter, that he was only employed to delay.